UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LARRY W. HUTCHINS, | ) |
| Petitioner, | ) |
| | ) 2:21-CV-00086-DCLC |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Larry W. Hutchins's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [Doc. 1]. The United States responded in opposition to Hutchins's motion [Doc. 6]. This matter is now ripe for resolution. For the reasons that follow, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [Doc. 1] is **DISMISSED IN PART** and **DENIED IN PART**.

I.  **BACKGROUND**

In October 2019, a federal grand jury charged Hutchins with three counts of possession with intent to distribute methamphetamine, two counts of possession of a firearm as a convicted felon, and two counts of possession of a firearm as an unlawful user of controlled substances [U.S. Dist. Ct. for the E.D. of Tenn., case no. 2:19-CR-00170 (Crim. Dkt.), Doc. 3, pgs. 1-3]. Hutchins and the government subsequently entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), wherein Hutchins agreed to plead guilty to one count of possession of a firearm by a convicted felon and one count of possession with intent to distribute methamphetamine [Crim. Dkt., Doc. 25, pg. 1]. The plea was part of a "global resolution" of all pending charges, including his charges in state court that would have required him to serve 32

years of imprisonment if convicted[1] [Crim Dkt., Doc. 36, pg. 2]. Importantly, as part of that plea agreement, Hutchins agreed that he would not "file any motions pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence with two exceptions: [he] retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [Crim. Dkt., Doc. 25, pgs. 12-13]. Hutchins also agreed not to file a direct appeal of his conviction or sentence, unless his sentence was imposed above his sentencing guideline range or above the mandatory minimum sentence [*Id.*, pg. 12]. Hutchins pleaded guilty, and the Court accepted his guilty plea as voluntarily and intelligently entered [Crim. Dkt., Doc. 28, pg. 1].

The presentence investigation report (PSR) classified Hutchins as an armed career criminal because of five prior Tennessee burglary convictions that it found qualified as "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) [Crim. Dkt., Doc. 31, ¶¶ 57, 70-74]. Because of his status as an armed career criminal, Hutchins faced a minimum 15-year sentence for his firearms offense [*Id.*, ¶ 151]. Hutchins, notably, did not object to the PSR and, at his sentencing hearing, asked the Court to accept his Rule 11(c)(1)(C) plea agreement and sentence him to 240 months imprisonment [Crim. Dkt., Docs. 33, pg. 1; 36, pgs. 1-8]. The Court accepted the agreed-upon sentence and imposed a 240-month sentence with a term of five years of supervised release [Crim. Dkt., Doc. 42, pgs. 1-7]. Hutchins did not appeal his conviction. He now timely moves to vacate his sentence under 28 U.S.C. § 2255.

In his present motion, Hutchins asserts two grounds for relief [Doc. 1, pgs. 1-19]. First, he argues that the Court erred in sentencing him under the ACCA [*Id.*, pgs. 4, 15-19]. Second, Hutchins contends that he received ineffective assistance of counsel because his trial counsel failed

---

[1] Defendant attached a letter from the Sullivan County District Attorney General in which it agreed to dismiss the pending state charges "[c]ontingent upon his entering that plea" to serve 240 months on his federal charges [Crim. Dkt., Doc. 36-1].

2

to investigate his prior Tennessee burglary convictions that qualified as violent felonies under the ACCA [*Id.*, pgs. 5, 14]. Hutchins admits that he raises both claims for the first time in his present motion [*Id.*, pgs, 5-7]. As to his ACCA claim, Hutchins asserts that his sentence was based on misinformation and included invalid prior convictions [*Id.*, pg. 15]. He states that his five prior Tennessee burglary convictions no longer qualify as violent felonies and, therefore, cannot be used as ACCA predicates to enhance his sentence [*Id.*]. According to Hutchins, the elements for his Tennessee burglary convictions are broader than the elements for generic burglary [*Id.*, pgs. 15, 17]. He contends that the Court inappropriately looked to the underlying facts of his prior convictions instead of focusing only on the elements of his offenses [*Id.*, pg. 15-16]. As to his ineffective-assistance-of-counsel claim, Hutchins only argues that his trial counsel failed to investigate his prior convictions that the Court used as ACCA predicates. [*Id.*, pg. 14].

The government responds, opposing Hutchins § 2255 motion [Doc. 6, pgs. 1-9]. It argues that Hutchins waived his ACCA claim by pleading guilty [*Id.*, pgs. 5-7]. The government notes that Hutchins waived the right to file a § 2255 motion, except to bring claims for prosecutorial misconduct and ineffective assistance of counsel [*Id.*, pg. 5]. It also notes that he has not alleged that his guilty plea was invalid [*Id.*]. The government argues that Hutchins's ACCA claim does not fit within either of the two exceptions for him to file a § 2255 motion [*Id.*]. It asserts that, because Hutchins raises his ACCA claim for the first time on collateral review, it is procedurally defaulted [*Id.*, pg. 6]. The government argues that, even if Hutchins had not waived his ACCA claim and that claim were not procedurally defaulted, his prior Tennessee burglary convictions properly counted as violent felonies under Sixth Circuit precedent [*Id.*, pg. 6-7]. Next, the government contends that Hutchins has not established that his trial counsel was constitutionally ineffective [*Id.*, pg. 7]. It asserts that Hutchins fails to allege what an investigation into his prior

3

burglary convictions by his trial counsel would have uncovered and how such an investigation would have changed the outcome of his sentence [*Id.*, pgs. 7-8]. The government states that Hutchins cannot show that further investigation would have precluded his classification as an armed career criminal and that he cannot satisfy the test under *Strickland v. Washington*, 466 U.S. 668, 687 (1984) [*Id.*]. Lastly, the government asserts that the Court imposed Hutchins's sentence pursuant to a Rule 11(c)(1)(C) agreement [*Id.*, pg. 8].

## II. ANALYSIS

Under 28 U.S.C. § 2255, a petitioner may move a federal court to vacate, set aside, or correct his sentence if the sentence was imposed in "violation of the Constitution or laws of the United States, . . . the [sentencing] court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). That statute, however, does not authorize relief for all errors at conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

To obtain relief, a petitioner must show: (1) an error of constitutional magnitude; (2) a sentence outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotations omitted). Moreover, any claim raised for the first time on collateral review is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

Under Rule 4 of the Governing Rules, the Court considers initially whether the fact of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the

4

movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4. "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (citations omitted).

"A defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (internal quotations omitted). Such waivers can include "constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). A defendant must enter the waiver knowingly and voluntarily. *Davila*, 258 F.3d at 451. Further, "non-constitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). "Accordingly, non-constitutional errors ordinarily are not cognizable on collateral review." *Id.* "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Id.*

"To prevail on an ineffective assistance of counsel claim, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense." *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013); *see also Strickland*, 466 U.S. at 687. Because both prongs must be satisfied to establish ineffective assistance, if a petitioner cannot satisfy one prong, the other need not be considered. *Strickland*, 466 U.S. at 697. The *Strickland* standard is altered, "however, when dealing with a situation where a defendant enters a guilty plea instead of being found guilty after a trial. In the context of guilty pleas, the first element, the 'performance' aspect, of the Strickland test remains the same but the second element, the 'prejudice' requirement, changes." *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987). To

5

establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Under the first prong, there must be evidence that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). As to the second "prejudice" prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). The petitioner must establish counsel's constitutionally defective performance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Here, Hutchins's claims fail for a number of reasons. First, as to his argument that his Tennessee burglary convictions do not qualify as a violent felony under the ACCA, Hutchins waived that claim. Under the terms of Hutchins's plea agreement, he agreed to forgo any direct appeal or collateral attack of his conviction [Crim. Dkt., Doc. 25, pgs. 12-13]. Specifically, Hutchins unambiguously waived his right to file a § 2255 motion with two exceptions: "(i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [*Id.*, ¶ 9(b)]. Hutchins does not attack the voluntariness of his guilty plea but, instead, claims his Tennessee burglary convictions are not violent felonies that would classify him as an Armed Career Criminal.[2] [Doc. 1, pgs. 14-17]. His claim alleges neither prosecutorial misconduct nor ineffective assistance of counsel. The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422

---

[2] The PSR indicated that Hutchins had five separate felony convictions under Tennessee law for burglary of a building other than a habitation and that he accumulated 35 total criminal history points [Crim Dkt., Doc. 31, ¶¶ 70, 71,72, 73, 74, 106].

6

(6th Cir. 2007). Thus, Hutchins waived his first asserted ground for relief, and his § 2255 motion is **DISMISSED** in this respect.

Second, as to his ineffective-assistance-of-counsel claim, Hutchins does not argue that his trial counsel provided him ineffective assistance according to the *Strickland* test. Hutchins asserts that his trial counsel should have investigated his Tennessee burglary convictions, but he ignores the fact that his plea agreement was a "global resolution" of all his pending state and federal criminal charges. At the sentencing hearing, the Assistant United States Attorney (AUSA) noted that "[i]n this case he is getting an incredible benefit. He has negotiated with the United States and on the other side Sullivan County DA's office in resolving these cases at the state level and here collectively." [Crim Dkt., Doc. 52, pg. 5]. The AUSA noted that Hutchins would be looking at a "30 plus year" range [*Id.*, 6]. He also noted that the plea agreement "was an extended negotiation between all parties . . . to get this resolution." [*Id.*, pg. 7]. Hutchins's counsel asserted that Hutchins was "getting a benefit out of this both here and in Sullivan County based on the structure of what he would be facing in state court . . . ." [*Id.*, pg. 8]. He stated that the agreement "provided him a clear benefit from resolving this and getting Sullivan County to completely dismiss all of their charges . . . ." [*Id.*, pg. 9]. He also stated that Hutchins was looking at a statutory minimum of 32 years in state prison but for the resolution of the case under these terms [*Id.*, pg. 9-10].

The Court then asked Hutchins if he wanted the Court to accept his Rule 11(c)(1)(C) agreement. Initially, he claimed he "didn't make the agreement, it was brought to [him] and [he] agreed to it." [*Id.*, pg. 16]. After a break to allow Hutchins to consult with his counsel, the follow colloquy occurred:

> COURT: All right. Mr. Hutchins, I had asked you a moment ago about whether or not you wanted me to accept your plea agreement, your Rule 11(c)(1)(C), and I gave you that opportunity primarily because it's important for me to know how you feel; and . . . based on what had been said about the benefits

7

> that you were getting from it, I wanted to make sure though that this was your, this was something that you wanted for me to approve or you wanted me to reject and send you back to the starting point and negotiating this . . . . And so I'm just going to ask you just point blank, do you want me to accept this plea agreement?
>
> DEFENDANT: Yes, sir, I do . . . . I want you to take the plea, yes sir, I want to accept it. I think we just misunderstood each other.

[*Id.*, pg. 20-21]. Hutchins does not demonstrate how his counsel was ineffective in securing a sentence that saved him 32 years in state prison. His stipulated sentence was far lower than his exposure in both federal and state court combined and was the result of extensive negotiations between the United States, Sullivan County District Attorney's office, and Hutchins's counsel.

At the sentencing hearing, the Court independently considered this resolution. It noted that Hutchins' sentence was 30 months above the top of his guideline range but that Hutchins had accumulated 35 criminal history points, which justified either an upward departure under the Guidelines or an upward variance based on the sentencing factors in 18 U.S.C. § 3553(a) [*Id.*, pg. 22].

> COURT: In a case in which the Court determines that the extent and nature of the defendant's criminal history are sufficient to warrant an upward departure from criminal history . . . category VI, the Court should structure the departure by moving incrementally down the sentencing table to . . . the next higher offense level in criminal history category VI until it finds an appropriate range. In this case, we were at 30, and . . . he got three times the number of criminal history points that are needed. You could easily justify going up two levels on that, and that puts you at 210 to 262, and his agreement is 240, which is really smack dab in the middle of that . . . sentencing range. So when I consider the Guidelines . . . I think Mr. Hutchins comes to the court with so many criminal history points that when I'm deciding whether or not to even accept this plea agreement, that . . . weighs in my consideration . . . . I could definitely see moving up the range because I think that Guideline provision applies given the number of criminal history points that . . . he has accumulated.
>
> I think the 3553(a) factors not only support a variance upward if you didn't move up already in the Guidelines based on the provision I mentioned, they certainly warrant a 240 month sentence given Mr. Hutchins' history and his involvement in criminal acts. He has five predicate offenses for ACCA, all that's required is there, so he's got very serious criminal history issues that warrant a deterrent sentence of 240 months.

[*Id.*, pg. 22-24]. Hutchins does not identify anything else his counsel should have or could have done. He spends the majority of his petition arguing that his convictions do not qualify as violent felonies under the ACCA. [Doc. 1, pgs. 14-17]. As noted above, Hutchins also does not attack his guilty plea. Therefore, he has failed to satisfy the *Strickland* test and failed to show that he received ineffective assistance of counsel.

Moreover, his claim otherwise fails because burglary of a non-habitation under Tennessee law is a "violent felony" under the ACCA. While Hutchins did not attach the actual judgments of his prior burglary convictions for the Court's consideration, *see Shepard v. United States*, 544 U.S. 13, 26 (2005)), the record is clear his burglary convictions meet the definition of a "violent felony" under the ACCA. The Sixth Circuit has explained that Tennessee's burglary statute is "divisible," in that it lists elements in the alternative to define several different variants of the crime. *See United States v. Davis*, 737 F. App'x 736, 739 (6th Cir. June 13, 2018). "Violations of any of the first three subsections of Tennessee's burglary statute constitutes generic burglary." *Martin v. United States*, No. 1:16-CV-238-HSM, 2019 WL 2076536, at *3 (E.D. Tenn. May 10, 2019) (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)). The last subsection pertains to entering "any freight or passenger car, automobile, truck, boat, airplane or other motor vehicle . . . ." and indisputably does not apply to Hutchins. *See* Tenn. Code Ann. § 39-14-402(a) (repealed by 2021 Pub. Acts, c. 545, § 3, eff. July 1, 2021). Thus, by necessity Hutchins' prior burglary convictions fall within the ACCA's purview. Accordingly, Hutchins's § 2255 motion is **DENIED** in this respect.

### III. CONCLUSION

For the reasons stated herein, Hutchins's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence [Doc. 1] is **DISMISSED IN PART** and **DENIED IN PART**.

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Hutchins must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

A separate judgment shall enter.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Court

10

Case 2:21-cv-00086-DCLC   Document 7   Filed 10/25/21   Page 10 of 10   PageID #: 43